**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ITSERVE ALLIANCE, INC.**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:18-cv-02350-RMC** |
| | ) | **(Lead case for consolidated briefing)** |
| **UNITED STATES CITIZENSHIP** | ) | |
| **AND IMMIGRATION SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS CROSS-MOTION**

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................3

1.    Plaintiffs' challenge to the 1991 Rule is barred by the six-year statute of limitations contained in 8 U.S.C. § 2401(a).............................................................3

    A.    By failing to brief the question of whether their claims are barred by the statute of limitations, Plaintiffs have waived any related arguments..........4

    B.    Neither of the exceptions to the six-year statute of limitations identified in the Government's Opposition apply here ....................................................5

        i.    The Reopener Doctrine Exception....................................................6

        ii.    As-Applied Challenges to *Ultra Vires* Regulations Exception........9

2.    USCIS has the authority to grant H-1B visa petitions for a validity period of less than three years ..................................................................................................11

3.    This Court should grant summary judgment in favor of the Government with respect to Plaintiffs' other challenges to USCIS' regulatory requirements...........14

    A.    The employer-employee requirement is not *ultra vires*.............................15

    B.    The itinerary requirement is not *ultra vires* ...............................................17

    C.    USCIS is permitted to request non-speculative evidence from a petitioner when determining eligibility for approval of an H-1B visa petition..........19

4.    This Court should grant summary judgment in favor of the Government with respect to Plaintiffs' challenge to the 2018 Guidance Memorandum on the grounds that it is an impermissible legislative rule. ...........................................21

CONCLUSION......................................................................................................................25

# TABLE OF AUTHORITIES

## CASE LAW

*Agape Church, Inc. v. FTC*,
  738 F.3d 397 (D.C. Cir. 2013) ................................................. 9

*Al-Tamimi v. Adelson,*
  916 F.3d 1 (D.C. Cir. 2019) ................................................. 5

*All Aboard Worldwide Couriers, Inc. v. Attorney Gen.,*
  8 F. Supp. 2d 379 (S.D.N.Y. 1998) ................................................. 20

*Am. Min. Cong. v. Mine Safety & Health Admin.*,
  995 F.2d 1106 (D.C. Cir. 1993) ................................................. 22

*Arden Wood, Inc. v. U.S. Citizenship & Immigration Servs.,*
  480 F. Supp. 2d 141 (D.D.C. 2007) ................................................. 19

* *Broadgate Inc. v. U.S. Citizenship & Immigration Servs.*,
  730 F. Supp. 2d 240 (D.D.C. 2010) ................................................. 15,  23, 24

*Charter Commc'ns, Inc. v. F.C.C.*,
  460 F.3d 31 (D.C. Cir. 2006) ................................................. 7

*Covad Commc'ns Co. v. FCC,*
  450 F.3d 528 (D.C. Cir. 2006) ................................................. 9

* *Ctr. for Auto Safety v. NHTSA*,
  452 F.3d 798 (D.C. Cir. 2006) ................................................. 21, 22, 23, 24

*Defensor v. Meissner*,
  201 F.3d 384 (5th Cir. 2000) ................................................. 20, 21

*Edison Electric Institute v. Interstate Commerce Commission*,
  969 F.2d 1221 (D.C. Cir. 1992) ................................................. 9

*Enterprises, Inc. v. Dep't of Homeland Sec.,*
  467 F. Supp. 2d 728 (E.D. Mich. 2006) ................................................. 19

*Funeral Consumer Alliance, Inc. v. FTC,*
  481 F.3d 860 (D.C. Cir. 2007) ................................................. 21

*Genuine Parts Co. v. Environmental Protection Agency*,
890 F.3d 304 (D.C. Cir. 2018) .................................................................. 9

*Hodge v. Talkin*,
799 F.3d 1145 (D.C. Cir. 2015) ............................................................... 11

*Indep. Cmty Bankers of Am. v. Bd. of Governors of Fed Reserve Sys.*,
195 F.3d 28 (D.C. Cir. 1999) ..................................................................... 9

*Nat'l Ass'n of Reversionary Prop. Owners v. Surface Transp. Bd.*,
158 F.3d 135 (D.C. Cir. 1998) ................................................................... 6

*Olamide Lorunniyo Ore v. Clinton*,
675 F. Supp. 2d 217 (D. Mass. 2009) ...................................................... 18

*Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*,
334 F. Supp. 3d 697 (D. Md. 2018) .......................................................... 11

* *P. & V. Enterprises v. U.S. Army Corps of Eng'rs*,
516 F.3d 1021 (D.C. Cir. 2008) ..................................................... 4, 6, 7, 8

* *Peri & Sons Farms, Inc. v. Acosta*,
No. CV 19-34 (TJK), 2019 WL 1258474 (D.D.C. Mar. 18, 2019)......... 10

*Public Citizen v. Nuclear Regulatory Commission*,
901 F.2d 147 (D.C. Cir. 1990) ................................................................... 6

*RCM Tech., Inc. v. U.S. Dep't of Homeland Sec.*,
614 F. Supp. 2d 39 (D.D.C. 2009) ...................................................... 18, 21

*Royal Siam Corp. v. Chertoff*,
484 F.3d 139 (1st Cir. 2007) ............................................................... 14, 19

*Sendra Corp. v. Magaw*,
111 F.3d 162 (D.C. Cir. 1997) ................................................................ 6, 7

*Spannaus v. U.S. Dep't of Just.*,
824 F.2d 52 (D.C. Cir. 1987) ..................................................................... 4

*Torus Records, Inc. v. Drug Enf'l. Admin.*,
259 F.3d 731 (D.C. Cir. 2001) ................................................................. 24

*United Mine Workers of Am. 194 Pension Tr. v. Pittston Co*,
793 F. Supp. 339 (D.D.C. 1992) ................................................................ 5

\* *Valorem Consulting Group v. U.S. Citizenship and Immigration Services*,
No. 13-1209-CV-005, 2015 WL 196304 (W.D. Mo. Jan. 15, 2015) ...................................... 12

*Washington State Grange v. Washington State Republican Party*,
552 U.S. 442 (2008) ................................................................................................................. 10

## ADMINISTRATIVE DECISIONS

*Matter of J-S-T Inc.*,
2016 WL 3194527 (AAO May 24, 2016) .................................................................................. 19

*Matter of Michelin Tire Corp.*,
17 I. & N. Dec. 248 (Reg. Comm. 1978) .................................................................................. 14

*Matter of S-P-, LLC*,
2019 WL 553316 (AAO Jan. 23, 2019) ............................................................................... 3, 18

## FEDERAL STATUTES

8 U.S.C. § 1182(n) ............................................................................................................... 17, 19

8 U.S.C. § 1182(n)(1)(C) .......................................................................................................... 15

8 U.S.C. § 1182(n)(1)(G) .......................................................................................................... 16

8 U.S.C. § 1184 ........................................................................................................................... 2

8 U.S.C. § 1184(a) ..................................................................................................................... 13

8 U.S.C. § 1184(a)(1) .......................................................................................................... *passim*

8 U.S.C. § 1184(a)(2) .......................................................................................................... 11, 13

8 U.S.C § 1184(c)(1) ............................................................................................................ 15, 16

8 U.S.C. § 2401(a) ................................................................................................................... 3, 4

## FEDERAL REGULATIONS

8 C.F.R. § 103.2(b)(1) ................................................................................................... 2, 3, 14, 18

8 C.F.R. § 214.2(h)(i)(B) ......................................................................................... 17

8 C.F.R. § 214.2(h)(ii) ..................................................................................... 15, 16

8 C.F.R. § 214.2(h)(4)(ii)................................................................................... 1, 3

8 C.F.R. § 214.2(2)(i)(B) ................................................................................... 1, 3

## FEDERAL REGISTER

56 Fed. Reg. 61,111 ........................................................................................ 1, 9, 15

56 Fed. Reg. 61,121 ............................................................................................ 15

63 Fed. Reg. 30,420 ............................................................................................. 3

## INTRODUCTION

Plaintiffs contend that U.S. Citizenship and Immigration Services ("USCIS") is "trying to destroy the IT consulting business model through new legislative rules."  Dkt. 17, Plaintiffs' Consolidated Response to the Agency's Cross Motion for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment ("Response and Reply") at 1.  But Plaintiffs do not, and cannot, support this claim.   Moreover, the legal arguments they have presented focus on agency regulatory requirements that have existed since 1991.  Specifically, Plaintiffs are challenging the H-1B visa program employer-employee and the itinerary requirements found in *Temporary Alien Workers*, 56 Fed. Reg. 61,111 (INS) (final rule) (Dec. 2, 1991) (hereafter the "1991 Rule") (codified at 8 C.F.R. §§ 214.2(h)(4)(ii) & (2)(i)(B), respectively).

Given that these two requirements are longstanding, this brief will begin by explaining why these challenges are barred by the six-year statute of limitations.  Although the statute of limitations was one of the three threshold legal issues for which Judge Huvelle ordered consolidated briefing from the parties, Plaintiffs elected not to address this issue in their consolidated motion for summary judgment.  *See* Dkt. 14-1. Thus, they have arguably waived any related argument.  Moreover, as the Government explained in its opposition to plaintiffs' consolidated motion for summary judgment and cross-motion ("Government's Opposition"), none of the exceptions to the statute of limitations are applicable in the present case.  In their Response and Reply, Plaintiffs failed to provide any meaningful response to the Government's arguments and authorities.  As a result, this Court should rule in favor of the Government and

find that Plaintiffs' challenge to the 1991 Rule, including their challenge to the employer-employee requirement and the itinerary requirement, is time barred.

Second, the Government will address Plaintiffs' contention that USCIS lacks the discretion to grant an H-1B visa petition for less than three years. The parties agree that Congress authorized the agency to promulgate regulations limiting the validity period, but disagree whether 8 C.F.R. § 214.2(h)(9)(iii)(A)(1) (promulgated as part of the 1991 Rule), together with 8 U.S.C. § 1184, provides such discretion. The Government contends that the regulation's use of the phrase "up to three years" read naturally, indicates that USCIS *may* grant an H-1B visa petition for three years but that it is not required to do so.

Third, the Government will turn to the merits of Plaintiffs' claims that the employer-employee requirement and the itinerary requirement are *ultra vires*. As more fully set forth below, assuming that the Court does not dismiss these claims as time barred, it should enter summary judgment in favor of the Government because these requirements are authorized under 8 U.S.C. § 1184(a)(1) and related statutory provisions.

Finally, as the Government previously explained, Plaintiffs' challenge to the 2018 Guidance Memorandum fails as a matter of law because this memorandum is not a legislative rule but rather provides guidance to adjudicators regarding existing regulatory requirements. In their Response and Reply, Plaintiffs fail to provide any meaningful response to the Government's arguments, and instead change course to challenge a different agency memorandum for the first time in this litigation, the Memorandum from Donald Neufeld, Associate Director, Serv. Ctr. Operations, USCIS to Serv. Ctrs. Dirs., (Jan. 8, 2010) (the "2010 Employer-Employee Memorandum," sometimes referred to by courts as the Neufeld

Memorandum).  This Court should not permit Plaintiffs to raise this challenge at such a late date.

Moreover, any challenge to the 2010 Employer-Employee Memorandum is time barred.

## ARGUMENT

**1.     Plaintiffs' challenge to the 1991 Rule is barred by the six-year statute of
        limitations contained in 8 U.S.C. § 2401(a).**

In this consolidated briefing, Plaintiffs are challenging the authority of the Immigration

and Naturalization Service ("INS"), the precursor to USCIS, to promulgate the 1991 Rule, which

contains the employer-employee and the itinerary requirements for H-1B visa petitions.  (8

C.F.R. §§ 214.2(h)(4)(ii) & (2)(i)(B), respectively).  The Government contends that this claim is

barred by the six-year statute of limitations contained in 8 U.S.C. § 2401(a).  As discussed

above, in their Response and Reply, Plaintiffs purport to add an additional claim to this litigation,

challenging the authority of USCIS to issue the 2010 Employer-Employee Memorandum.  To the

extent that this Court is willing to consider this claim at this late date, it is also barred by the six-

year statute of limitations for similar reasons.[1]

As more fully set forth below, there is no excuse for Plaintiffs' failure to brief the issue of

the statute of limitations in their Motion for Summary Judgment and, moreover, there is no

exception to the statute of limitations that would be implicated by this case.

---

[1]  Plaintiffs also assert that USCIS has a "Non-Speculative Work Rule."  *See* Dkt. 14-1 at 18.
Although it is certainly true that USCIS denies H-1B petitioners that fail to provide actual
evidence in support of their petitions, *see* 8 C.F.R. § 103.2(b)(1), it is incorrect to describe this
historic practice as a "rule."   To the extent the Court disagrees, a challenge to this purported
"rule" is also barred by the same statute of limitations.  *See* 63 Fed. Reg. 30,420 (explaining in
1998 that "[h]istorically" the agency refused to grant "H-1B classification on the basis of
speculative, or undetermined , prospective employment . . ."); *see also Matter of S-P-, LLC,* 2019
WL 553316 at *3 (AAO Jan. 23, 2019) ("The agency made clear long ago that speculative
employment is not permitted in the H-1B program").

**A. By failing to brief the question of whether their claims are barred by the statute of limitations, Plaintiffs have waived any related arguments.**

Judge Huvelle's Minute Order consolidated briefing on three threshold legal issues, including specifically the question of "the related statute of limitations issues raised by the government."  *See* Minute Order signed by Judge Huvelle dated March 6, 2019.  However, as noted by the Government, Plaintiffs' Motion for Summary Judgment only addressed two of the three threshold issues, omitting any reference to the statute of limitations found in 8 U.S.C. § 2401(a).  *See* Dkt. 15 at 5 citing Dkt. 14.  The Government argued that this failure to present argument constitutes a waiver.  *See* Dkt. 15 at 37.

In response, Plaintiffs contend that they were under no requirement to present argument on the statute of limitations, notwithstanding Judge Huvelle's Order, because the statute of limitations is "nonjurisdictional."  *See* Dkt. 17 at 5.  This is incorrect.  The D.C. Circuit holds that 8 U.S.C. § 2401(a), unlike an ordinary statute of limitations, is jurisdictional, explaining:

> Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed . . .  Where clear language restricts our jurisdiction, we may not overturn it merely by invoking spirits and thrusts.

*Spannaus v. U.S. Dep't of Just.*, 824 F.2d 52, 55 (D.C. Cir. 1987); *see also P. & V. Enterprises v. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1026 (D.C. Cir. 2008) (dismissing, under 8 U.S.C. § 2401(a), a challenge to a rule "for lack of subject-matter jurisdiction, rather than for failure to state a claim") (case cited in Government's Opposition).

Moreover, Plaintiffs' contention that they had "no obligation to move for summary judgment affirmatively on the Agency's affirmative defense unless or until the Agency asserts it," dkt. 17 at 5, ignores the fact that the Government did affirmatively raise the statute of limitations.  Specifically, on February 8, 2019, the Government filed a partial motion to dismiss

4

asserting the statute of limitations with respect to any challenge to the 1991 Rule.  Dkt. 8.  This

Court stayed briefing on this issue until the parties could confer on possible consolidation of this

case with other cases filed by Plaintiffs and Plaintiffs' counsel.  *See* Minute Order dated

February 11, 2019.  Judge Huvelle then ordered the cases consolidated for the purpose of, among

other things, briefing on "the related statute of limitations *raised by the government*."  Minute

Order signed by Judge Huvelle, dated March 6, 2019 (emphasis added).  Thus, Judge Huvelle

expressly recognized that the Government was raising the issue of the statute of limitations and

intended that the parties brief this issue in consolidated briefing.  In accordance with this order,

the parties agreed to a briefing schedule for the "three preliminary, threshold legal questions [,]"

indicating to this Court that they were "in agreement that briefing will be limited to the three

threshold legal questions."  Dkt. 11 at 1.

Under these circumstances, Plaintiffs should have briefed the issue of the statute of

limitations as they previously agreed, and this Court may properly conclude that Plaintiffs'

failure to do so constitutes a waiver of any of their related arguments.  *See Al-Tamimi v. Adelson*,

916 F.3d 1, 6 (D.C. Cir. 2019) (holding that a party forfeits an argument by failing to raise it in

his opening brief and mentioning an argument "in the most skeletal way" is tantamount to failing

to raise the issue) (citations and quotations omitted); *United Mine Workers of Am. 1974 Pension

Tr. v. Pittston Co.*, 793 F. Supp. 339, 344 (D.D.C. 1992) (finding that party waived its argument

by failing to raise it in the motion for summary judgment).

### B.  Neither of the exceptions to the six-year statute of limitations identified in the Government's Opposition apply here.

In its Opposition, the Government referenced two exceptions to the statute of limitations

and explained why neither is applicable to the present case.  *See* Government's Opposition at 36-

41.  As set forth below, in their Response and Reply, Plaintiffs failed to provide any meaningful

response to the Government's arguments with respect to these two exceptions.  As a result, the

Court should find that Plaintiffs' claims with respect to the employer-employee requirement and

the itinerary requirement are time-barred.

                  i.        The Reopener Doctrine Exception

As the Government explained in its Opposition, an otherwise stale challenge can proceed

"when the agency . . . *by some new promulgation* creates the opportunity for renewed comment

and objection . . ." Dkt. 15 at 37 *citing P. & V. Enters*., 516 F.3d at 1024 (emphasis added).  But

when an agency invites debate on some aspects of a broad subject "it does not automatically

reopen all related aspects including those already decided . . ." Dkt. 15 at 37-38 *citing Nat'l*

*Ass'n of Reversionary Prop. Owners v. Surface Transp. Bd*., 158 F.3d 135, 142 (D.C. Cir. 1998);

*Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997).

Applying these authorities, the Government argued in its Opposition that the 2018

Guidance Memorandum falls well short of what a litigant is required to show in order for the

reopener doctrine to apply because it is not a regulation and it does not contain any indication

that USCIS intended to provide an opportunity for renewed comment on the 1991 Rule.  Dkt. 15

at 38.  If the law were otherwise, an agency would not be able to publicly discuss its regulations

without subjecting itself to renewed litigation regarding those regulations.  *Id*.

In their Response and Reply, Plaintiffs do not offer a meaningful response to these

arguments.  *See* Dkt. 17 at 3-4.  Plaintiffs fail to address any of the authorities cited by the

Government regarding this doctrine or respond to the Government's legal arguments as to why

this doctrine does not apply.  As a result, it is essentially undisputed that the reopener doctrine

does not apply.

Instead, Plaintiffs contend that the D.C. Circuit recognizes the reopener doctrine as an exception to the statute of limitations. *See id*. at 3 citing *Public Citizen v. Nuclear Regulatory Commission*, 901 F.2d 147, 150-51 (D.C. Cir. 1990).[2]  But the Government was not disputing the *existence* of this exception, but rather was explaining why it is not *applicable* here.  Thus, Plaintiffs' contention is misplaced.

Plaintiffs also argue that in issuing the 2018 Guidance Memorandum, USCIS "undertook a substantial review of their past regulatory and policy choices" and, thus, the reopener doctrine is applicable. *Id*. at 4.[3]  Plaintiffs' contention is not responsive to the Government's argument that, under binding authority of the D.C. Circuit, the reopener doctrine does not apply because there is no indication that in issuing the 2018 Guidance Memorandum, USCIS intended to provide an opportunity for renewed comment on the 1991 Rule. *See P. & V. Enters*., 516 F.3d at 1024 (holding that the doctrine only applies when the plaintiff demonstrates that the agency "has undertaken a serious, substantive reconsideration of the existing rule") (citations and quotations

---

[2]  The Government notes that subsequent to the issuance of the *Public Citizen* opinion, the D.C. Circuit clarified that it should not be read to stand for the proposition that the substantive invalidity of a previously adopted regulation can always be asserted upon review of a later rulemaking on the same general subject even though the statutory time period for review has expired. *Charter Commc'ns, Inc. v. F.C.C.*, 460 F.3d 31, 38 (D.C. Cir. 2006).  To the contrary, the D.C. Circuit explained:

> [W]e expressly stated in *Public Citizen* that the appropriate way in which to challenge a longstanding regulation on the ground that it is violative of statute is ordinarily by filing a petition for amendment or rescission of the agency's regulations, and challenging the denial of that petition.  Indeed, it is absurd to suppose that every time an agency requests parties to compare the regulatory status quo with specific proposed alternatives, all facets of the status quo become fair game for new challenges.

*Id*. (citations and quotations omitted).

[3]  This is statement is not completely accurate.  A more accurate characterization of the contents of 2018 Guidance Memorandum is that it provides a brief summary of prior memoranda as background.

omitted).  The D.C. Circuit has already decided that discussing a matter "at length" without more is insufficient to reopen the matter, *Sendra*, 111 F.3d at 167, and Plaintiffs offer no reason why this principle does not apply here.

In sum, the 2018 Guidance Memorandum provides guidance on how adjudicators should apply the regulatory requirements for H-1B visa petitions; it does not invite the adjudicators or the public to comment on whether the regulatory requirements should be rescinded by the agency through notice-and-comment rulemaking.[4]  By way of illustration, the 2018 Guidance Memorandum reminds USCIS adjudicators that they are required to examine H-1B visa petitions to ensure compliance with the itinerary requirement contained in the 1991 Rule.  *See* 2018 Guidance Memorandum at 6, captioned "*Itinerary as regulatory requirement*."  In reiterating that adjudicators must apply this "*regulatory requirement*," USCIS was in no sense creating "the opportunity for renewed comment and objection" by adjudicators or the public.  *See P & V. Enters.*, 516 F.3d at 1024.

By way of further illustration, the 2018 Guidance Memorandum refers adjudicators to the earlier 2010 Employer-Employee Memorandum.  *See* 2018 Guidance Memorandum at 3, n.1.  Again, the fact that USCIS issues a memorandum referring its adjudicators to an earlier memorandum addressing whether an employer-employee relationship exists in the context of an

---

[4]  For the sake of completeness, there is no authority for the proposition that an agency restarts the statute of limitations by issuing a document providing a "history of how it has enforced its claimed authorities."  *See* Dkt. 17 at 4.  Plaintiffs contend that USCIS "could not create new rules without considering what authority they believed they possessed under past law."  Dkt. 17 at 4.  Perhaps.  But the 2018 Guidance Memorandum provides guidance for applying existing regulatory requirements; it does not create "new rules."  And under the authorities discussed, an agency does not restart the statute of limitations whenever it thinks about or considers its statutory authority to promulgate rules.  Rather, there has to be some new regulation that "creates the opportunity for renewed comment and objection" before the reopener doctrine applies.  *See P. & V. Enters.*, 516 F.3d at 1024.

H-1B visa petition does not indicate an intention to have renewed comment and objection to its longstanding regulations.  There is no language in the 2018 Memorandum inviting such a discussion.  Rather the agency is simply reminding its adjudicators of a requirement, addressed at length in an earlier interpretative memorandum, which must be applied in adjudicating H-1B visa petitions.

   ii. As-Applied Challenges to *Ultra Vires* Regulations Exception

  The Government also noted in its Opposition that the D.C. Circuit recognizes a narrow exception to the statute of limitations for as-applied challenges on the grounds that the agency purportedly exceeded its statutory authority. Opposition at 38-41 *citing, inter alia, Genuine Parts Co. v. Environmental Protection Agency*, 890 F.3d 304, 315 (D.C. Cir. 2018) (discussing this exception); *Indep. Cmty Bankers of Am. v. Bd. of Governors of Fed Reserve Sys.*, 195 F.3d 28, 34 (D.C. Cir. 1999) (holding "that a party *against whom a rule is applied* may, at the time of *application*, pursue substantive objections to the rule, including claims that an agency lacked the statutory authority to adopt the rule . . .") (emphasis original to the Opposition).[5]  This limited

_____

[5]  As the Government previously noted, this exception would not save a claim that INS failed to provide proper notice in 1991, when it promulgated its Rule.  *See* Dkt. 15 at 25 n.15 citing *Indep. Cmty Bankers*, 195 F.3d at 34.  In their Response and Reply, Plaintiffs do not address this point. *See* Dkt. 17 at 6.  For the sake of completeness, the Government notes that INS properly used notice-and-comment rulemaking in promulgating the 1991 Rule.  The 1991 Notice of Proposed Rulemaking ("NPRM") sought to amend the existing regulations which had previously been used to administer the H-1 program.  It included regulatory text stating that "an alien may be authorized to come to the United States temporarily to perform services or labor, or to receive training from an employer, if petitioner for by that employer."  The NPRM did not include a definition of a United States employer, but as indicated, the regulatory text included the word "employer" and INS received comments regarding this term.  As discussed in the preamble to the final rule, in response to comments, INS included such a definition to avoid confusion and to clarify that foreign workers cannot file H-1B petitions.  *See* 56 Fed. Reg. 61,111 (Dec. 1991). The rulemaking is procedurally valid because the final rule is a logical outgrowth of the NPRM. *See Agape Church, Inc. v. FTC*, 738 F.3d 397, 422 (D.C. Cir. 2013); *Covad Commc'ns Co. v. FCC*, 450 F.3d 528, 548 (D.C. Cir. 2006) (explaining that a final rule qualifies as the logical outgrowth of an NPRM when an anticipated change is logically possible).

exception does not extend to every situation in which a regulation affects a party, or even every situation in which, at least arguably, the regulation has been applied in some sense. *See* Dkt. 15 at 39-40; *Edison Electric Institute v. Interstate Commerce Commission*, 969 F.2d 1221, 1229 (D.C. Cir. 1992) (holding that this exception was not applicable even though the agency action may have affected the litigant in some way). Here, this exception for as-applied challenges is not applicable for a more basic reason: Plaintiffs are raising a facial challenge, as reflected by the fact that they sought consolidation on this threshold legal issue and are not merely alleging that the 1991 Rule is *ultra vires* as applied under certain circumstances. *Id*. at 41. Moreover, to find this exception applicable in the context of an employer seeking to petition to import a foreign worker would "effectively nullify the six-year statute of limitations" because the rules governing the foreign worker program would be subject to challenge at any time. *See* Dkt. 15 at 40 citing *Peri & Sons Farms, Inc. v. Acosta*, No. CV 19-34 (TJK), 2019 WL 1258474 (D.D.C. Mar. 18, 2019) (explaining that if the exception were applicable in this context, the court "would be hard-pressed to describe its limitations").

Again, Plaintiffs fail to provide any meaningful response to these arguments or address D.C. Circuit case law governing what constitutes an "application" for purposes of this exception. Specifically, Plaintiffs fail to even mention *Peri & Sons* or address any of the points made in that opinion. Plaintiffs offer no rationale for why this exception to the statute of limitations should be read differently depending on whether the challenge involves the H-1B specialty occupation program or the H-2A agricultural program.

Instead, Plaintiffs simply assert that they are bringing an as-applied challenge. *See* Dkt. 17 at 3 (contending that the Government "misses the distinction between facial [and] as applied challenges"). But Plaintiffs fail to address what "applied" means in the context of this exception.

Moreover, putting aside the D.C. Circuit's case law on what constitutes an "application" for purposes of this exception, as a general matter, a facial challenge is defined as a challenge claiming that "no set of circumstances exists under which the Act would be valid. . ." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) (citations and quotations omitted).  In contrast, an as-applied challenge "asks a court to assess a statute's constitutionality with respect to a particular set of facts before it."  *Hodge v. Talkin*, 799 F.3d 1145, 1156 (D.C. Cir. 2015).

Here, Plaintiffs are not arguing that the 1991 Rule is only invalid as to a "particular set of facts before it" or with respect to certain employers.  *See id*.  Rather they argue that the 1991 Rule, which sets forth the employer-employee and itinerary requirements, is invalid under all circumstances.  That is a facial challenge that should have been brought by 1997 – not more than two decades later.  *See, e.g., Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.,* 334 F. Supp. 3d 697, 712 (D. Md. 2018), *as amended* (Oct. 11, 2018) (holding that challenge by H-2B employers and trade association "clearly represents a facial, rather than an as-applied, challenge").

In sum, Plaintiffs fail to explain why they did not brief the question of the statute of limitations in their Motion for Summary Judgment.  Moreover, neither of the two exceptions to the statute of limitations that they belatedly identify are applicable here.  As a result, this Court should find that Plaintiffs' challenge to the 1991 Rule, and any challenge to the 2010 Employer-Employee Rule, are barred by the statute of limitations.

**2.      USCIS has the authority to grant H-1B visa petitions for a validity period of less than three years.**

The parties agree that Congress provided INS, now USCIS, with the statutory authority to create regulation defining the duration of nonimmigrant visas, including H-1B visas.  *See* Dkt. 17

at 21 citing 8 U.S.C. § 1184(a)(1) ("The admission to the United States of any alien as a

nonimmigrant shall be for *such time* and under *such conditions* as the Attorney General may by

regulations prescribe . . .") (emphasis original to the Response and Reply).[6]  The parties disagree

about whether the agency has exercised this statutory authority.  The Government's position is

that 8 C.F.R. § 214.2(h)(9)(iii)(A)(1), which states that the validity period "shall be . . . for a

period up to three years but may not exceed the validity period of the labor condition

application," is a proper exercise of this statutory authority and that, as a result, USCIS has the

discretion to grant an H-1B visa for a period of less than three years (provided that this period

does not exceed the maximum statutory period).  *See* Dkt. 15 at 17-19.  This position is

consistent with the natural reading of the phrase "up to three years" and with USCIS' practice of,

depending on the evidence provided, granting H-1B petitions for a shorter period of time than

that requested by the petitioner.  *See, e.g., Valorem Consulting Group v. U.S. Citizenship and

Immigration Services*, No. 13-1209-CV-005, 2015 WL 196304, *1 (W.D. Mo. Jan. 15, 2015)

(entering summary judgment on this basis).

      Plaintiffs disagree.  They contend that the phrase "up to three years" means that an

employer can request a validity period of three years or less, but that USCIS has no discretion in

adjudicating the H-1B petition and approving it for a period of time shorter than the period

requested.  Dkt. 17 at 22.  Rather, Plaintiffs contend, USCIS must either deny the H-1B petition

in its entirety or grant the petition for the full amount of time requested (unless this period of

---

[6]  The Government correctly quoted this statutory provision from 8 U.S.C. § 1184(a)(1) on page
22 of the Opposition.  However, elsewhere in the Opposition the Government incorrectly
referred to "8 U.S.C. § 1184(a)(1)" as "8 U.S.C. § 1184(a)(2)."  The Government apologizes to
the Court for this inadvertent typographical error.

time requested exceeds the statutory cap in which case USCIS *would* have the authority is partially grant the H-1B petition). *Id.*

Significantly, Plaintiffs do not cite any authority in support of their reading of 8 C.F.R. § 214.2(h)(9)(iii)(A)(1). Nor do they provide a rationale for why this regulation should be read as depriving the agency of the authority to grant an H-1B petition for less than the requested validity period. If a petitioner submits an H-1B petition requesting a three-year validity period and USCIS determines that the foreign worker will only be working in a specialty occupation for one-year, it simply does not make sense to require USCIS choose between (i) either denying the H-1B petition outright, or (ii) granting the petition for the full three years (in contravention of the statutory requirements for H-1B petitions).

Plaintiffs contend that allowing USCIS to grant an H-1B petition for less than the requested time period will give USCIS "unchecked discretion to limit the duration of an H-1B visa." *See* Dkt. 17 at 22. But this is not the case. A decision by USCIS to grant an H-1B petition for less than three years is subject to judicial review under the APA based on the administrative record.

Plaintiffs also point to differences in the statutory language between 8 U.S.C. §§ 1184(a)(1) and (a)(2). *See* Dkt. 17 at 21. While Congress expressly authorized the INS to promulgate regulations with respect to the validity period for H-1B visas in 8 U.S.C. § 1184(a)(1), for O and P nonimmigrant classifications  (for aliens with extraordinary ability in certain fields and for certain athletes, entertainers, and artists, respectively), Congress stated that the period of authorized status shall be for such period as the INS "may specify in order to provide for the event (or events) for which the nonimmigrant is admitted" and "may specify in order to provide for the competition, event, or performance for which the nonimmigrant is

admitted," respectively. *Id*. at 20-21 citing 8 U.S.C. § 1184(a)(2). Thus, subsection (a)(2) does not expressly use the word "regulations." However, this contention ignores the fact that 8 U.S.C. § 1184(a) is entitled "Regulations." Thus, Congress clearly intended that the agency would promulgate regulations for all three classifications (as it has done). It is true that the language in 8 U.S.C. § 1184(a)(2) is slightly different from (a)(1), but that is because some of the language in 8 U.S.C. § 1184(a)(2) would not apply in the H-1B context. H-1B specialty occupations workers, though temporary, are not generally working in event-based positions. They are not like athletes or entertainers who are coming to the United States for particular competitions, performances, or other events.

Moreover, Plaintiffs are not disputing that the INS had the authority to promulgate regulations limiting the validity period of H-1B workers, the only question is whether it did so in promulgating 8 C.F.R. § 214.2(h)(9)(iii)(A)(1). Thus, this particular claim, unlike other claims in this litigation, turns on this regulatory language rather than the language in 8 U.S.C. § 1184(a).

In sum, under the plain language of 8 C.F.R. § 214.2(h)(9)(iii)(A)(1), USCIS has the discretion, based on the evidence provided by the petitioner, to grant an H-1B petition for a period of less than three years even when the petitioner requests three years. As a result, this Court should grant summary judgement in favor of the Government on this issue.

> **3.** **This Court should grant summary judgment in favor of the Government with respect to Plaintiffs' other challenges to USCIS' regulatory requirements**.

The Plaintiffs also challenge the authority of INS, now USCIS, to promulgate the 1991 Rule that contains the employer-employee requirement and the itinerary requirement. If this Court determines that these claims are not barred by the statute of limitations for the reasons set forth in Section 1, this Court should enter summary judgment in favor of the Government with

respect to these claims because both regulatory requirements are authorized by 8 U.S.C.

§ 1184(a)(1).   Plaintiffs also challenge USCIS' authority, consistent with its longstanding

practice, to require H-1B petitioners to provide evidence of non-speculative (i.e. actual)

qualifying employment in support of the petition.   Assuming that the Court considers this

challenge, it should be enter summary judgment in favor of the Government because such action

is authorized by 8 C.F.R. § 103.2(b)(1) and reflects a common sense approach of ensuring that a

petitioner complies with the eligibility standard for granting H-1B specialty occupation petitions.

*See Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 144 (1st Cir. 2007).

### A.  The employer-employee requirement is not *ultra vires*.

Even before Congress created the H-1B program, INS required that a petitioner

demonstrate the existence of an employer-employee relationship before it could import a foreign

temporary worker.   Dkt. 15 at 21 n. 11 citing *Matter of Michelin Tire Corp*., 17 I. & N. Dec. 248,

249 (Reg. Comm. 1978).   Under current law, with limited exceptions, only U.S. "employers"

may seek classification of aliens as H-1B nonimmigrants.   8 U.S.C. § 1101(a)(15)(H)(i)(b).

Congress further provided that the "admission to the United States of any alien as a

nonimmigrant shall be for such time and under such conditions as the Attorney General may

prescribe . . ." 8 U.S.C. § 1184(a)(1); *see also* 8 U.S.C § 1184(c)(1) (stating that the "question of

importing any alien as a nonimmigrant under subparagraph (H) [governing the H-1B program]

. . . in any specific case or specific cases shall be determined by the Attorney General . . . upon

petition of the importing employer.").   Per this statutory authority, on December 2, 1991, the INS

promulgated a regulation requiring the existence of "an employer-employee relationship" and

defined what constitutes such a relationship.   *See* 56 Fed. Reg. 61,111, 61,121 (codified at 8

C.F.R. § 214.2(h)(ii); *see Broadgate Inc. v. U.S. Citizenship & Immigration Servs*., 730 F. Supp. 2d 240, 242 (D.D.C. 2010).

Plaintiffs argue that this regulatory requirement has been invalid since it was created in 1991 because INS did not have the authority to impose an employer-employee requirement as a condition for participating in the H-1B program.  Dkt. 17 at 8.[7]   But had Congress wanted to deprive INS of its longstanding authority to impose this requirement, it surely would have said so in an unequivocal language.  Not only did Congress fail to do so, it provided the INS with authority to promulgate regulations governing the "conditions" for the admission of H-1B workers.  *See* 8 U.S.C. § 1184(a)(1) & (c)(1).  Plaintiffs fail to address this statutory grant of authority, instead focusing on a different provision:  8 U.S.C. § 1182(n)(1)(C).  But this provision governs the Labor Condition Application process administered by the Department of Labor ("DOL").  *See* Dkt. 15 at 23.  It does not address which agency is tasked with determining whether an employer-employee relationship exists and it does not modify, or even address, the INS' statutory authority under 8 U.S.C. § 1184(a)(1).  Moreover, as the Government previously explained, DOL is not responsible for the adjudication of H-1B visa petitions or the admission of foreign nationals into the United States.  Dkt. 15 at 23-24 *citing* 8 U.S.C. §1182(n)(1)(G) ("The

---

[7]  One of the unusual aspects of this case is that Plaintiffs contend that 8 C.F.R. § 214.2(h)(4)(ii), which was promulgated through notice-and-comment rulemaking, is *not* a legislative rule.  Plaintiffs' Response and Reply at 7.  In contrast, Plaintiffs contend that the 2010 Employer-Employee Memorandum and the 2018 Guidance Memorandum, neither of which underwent notice-and-comment rulemaking and which provide guidance as to this regulatory requirement, *are* legislative rules.

Secretary of Labor shall review [a Labor Condition Application ("LCA")] only for completeness and obvious inaccuracies").[8]

Plaintiffs never address this argument.  In sum, this Court should grant summary judgment in favor of the Government on this claim because, even if it is not precluded by the statute of limitations, Congress provided the INS with the authority to promulgate 8 C.F.R. § 214.2(h)(ii).

**B.  The itinerary requirement is not *ultra vires*.**

Many of the same arguments from the previous section of the brief also apply with respect to the Plaintiffs' contention that the itinerary requirement is *ultra vires*.  Like the employer-employee requirement, the itinerary requirement, is a longstanding requirement pre-dating the H-1B program.  There is no indication that when Congress created the H-1B program it intended to deprive INS of the authority to promulgate regulations requiring that H-1B petitioners provide itineraries.  To the contrary, Congress provided that the "admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may prescribe . . ." 8 U.S.C. § 1184(a)(1).  Per this statutory authority, INS promulgated the 1991 Rule which retained the itinerary requirement, codified at 8 C.F.R. § 214.2(h)(i)(B) (as discussed in the previous section, this same rule also contains the employer-employee requirement).

As the Government previously explained, the itinerary, along with other evidence pertaining to the actual work the foreign worker will perform, helps USCIS determine whether the petitioner has met its burden of proof and shown that the beneficiary will actually be

---

[8]  In their Response and Reply, Plaintiffs state that the Government's "brief is silent on DOL's role in the process."  Dkt. 17 at 10.  This is not correct.  The Government's Opposition discussed DOL's role on pages 8 and 9.

employed in a specialty occupation, and that the worker is not coming to the United States based on speculative employment or work that does not qualify as a specialty occupation.  Dkt. 15 at 26.  The itinerary also helps USCIS identify when the beneficiary will be working at a particular location, information that USCIS needs to perform site visits consistent with its authority to prevent fraud and abuse in the H-1B program.  *Id.*

As with the employer-employee requirement, Plaintiffs argue that in 1990, Congress deprived INS of the authority to promulgate regulations requiring that petitioners provide an itinerary.  *See* Dkt. 17 at 23.  And once again, Plaintiffs cannot point to any authority to support this position.  Instead, they again, point to 8 U.S.C. § 1182(n), which is simply not relevant for the reasons previously discussed.

The only difference in Plaintiffs' argument is that, with respect to the itinerary requirement as opposed to the employer-employee requirement discussed in the previous section, Plaintiffs are also arguing that their challenge to the itinerary requirement is supported by the INS' 1998 proposed rule.  In its Opposition, the Government addressed the 1998 proposed rule at length, explaining why it has no bearing on whether the itinerary requirement is *ultra vires*.  Dkt. 15 at 28-29.  Additionally, as previously argued, although INS considered making changes to the itinerary requirement it ultimately decided not to do so, and contrary to Plaintiffs' assertions, the 1998 proposed rule did not indicate that the itinerary requirement is *ultra vires*.  Rather, the 1998 proposed rule sought to modify, but otherwise retain the requirement indicating that it believed this requirement was valid.

In sum, even if the Court finds that Plaintiffs' challenge to the itinerary requirement is not barred by the statute of limitations, it should still enter summary judgment in favor of the

Government on this claim because this regulatory requirement is authorized by 8 U.S.C.

§ 1184(a)(1).

### C. USCIS is permitted to request evidence of non-speculative qualifying work to establish eligibility for an H-1B visa petition.

Plaintiffs also contend that USCIS should not require H-1B petitioners to provide

evidence of non-speculative qualifying work in support of their H-1B petitions. Dkt. 17 at 15. It

is unclear whether this issue is even properly before this Court.[9]  But assuming that it is, the

Court should grant summary judgment for the Government because this practice is consistent

with 8 C.F.R. § 103.2(b)(1), which requires that petitioners must establish that they are "eligible

for the requested benefit at the time of filing the benefit request." *See also Olamide Lorunniyo*

*Ore v. Clinton*, 675 F. Supp. 2d 217, 217 (D. Mass. 2009) (holding that "the petitioner must

establish eligibility at the time of filing the nonimmigrant visa petition and not at some future

date"). This approach is also consistent with USCIS' historic practice. *See Matter of S-P-,* 2019

WL 553316 at *3 ("The agency made clear long ago that speculative employment is not

permitted in the H-1B program"); *Matter of J-S-T Inc*., 2016 WL 3194527, at *4 n.3 (AAO May

24, 2016) (explaining that historically the agency has not granted H-1B classification on the

basis of speculative, or undetermined, prospective employment) (citations and quotations

omitted). This approach is necessary to avoid an outcome in which workers could obtain an H-

---

[9] Although it is not entirely clear, Judge Huevelle does not appear to have consolidated the cases with respect to this issue and, as a general matter, plaintiffs are not permitted to challenge agency practices but instead have to challenge individual adjudications. *See Arden Wood, Inc. v. U.S. Citizenship & Immigration Servs.,* 480 F. Supp. 2d 141, 150 (D.D.C. 2007) ("If and when" the plaintiff is denied a work permit "then an appropriate lawsuit may be filed by the appropriate plaintiffs at that time"); *see also RCM Tech., Inc. v. U.S. Dep't of Homeland Sec*., 614 F. Supp. 2d 39, 44-45 (D.D.C. 2009) (discussing the *Arden Wood* opinion).

1B visa through subterfuge a result "completely opposite the plain purpose of the statue and regulations, which is to limit H-1B visas to positions which required specialized experience and education to perform." *See generally Defensor v. Meissner*, 201 F.3d 384, 387-88 (5th Cir. 2000) (discussing the H-1B program).  Rather the petitioner must demonstrate eligibility under the relevant statutory and regulatory requirements.

In their Response and Reply, Plaintiffs contend that the Government never provided any legal authority in support of their position.  *See* Dkt. 17 at 18 ("The Agency provides no law for this rule").  But the Government *did* provide such authority on pages 7, 35-36 of its Opposition, in which the Government discussed the above legal authorities.  As a result, the Court can easily dispose of Plaintiffs' contention.

Plaintiffs also refer to 8 U.S.C. § 1182(n) for the proposition that USCIS may not request evidence of non-speculative qualifying work from a petitioner.  But again, this provision regarding DOL simply does not address how USCIS is to adjudicate H-1B visa petitions.

Lastly, in adjudicating H-1B petitions, USCIS is required to determine whether the petition satisfies the statutory requirements for the program and that the work the foreign workers will perform constitutes a specialty occupation.  *See Royal Siam*, 484 F.3d at 144; *see, e.g., EG Enterprises, Inc. v. Dep't of Homeland Sec*., 467 F. Supp. 2d 728, 737 (E.D. Mich. 2006) (explaining the proper inquiry is not simply whether the worker possesses sufficient qualifications but whether the job duties that will be performed constitute a specialty occupation); *All Aboard Worldwide Couriers, Inc. v. Attorney Gen.,* 8 F. Supp. 2d 379, 381 (S.D.N.Y. 1998) (holding that the agency reasonably found that the proposed duties that the foreign workers were actually going to perform, "research, drafting, and analysis tasks involving broad business disciplines," were not inherently specialized).  The reason for this is simple, the

H-1B program was not intended by Congress to be a vehicle for a foreign worker to engage in a job search within the United States or for employers to bring in temporary foreign workers to meet possible workforce needs arising at some point in the future.

If the Court were to accept Plaintiffs' contention that a petitioner need only provide evidence of speculative work (i.e. not actual work) that might be performed or no evidence whatsoever in support of its H-1B petitions, it is unclear how USCIS could fulfill its statutory mandate to ensure that the petitioner and beneficiary are eligible for the classification and properly adjudicate an H-1B specialty occupation petition given that it would have no way of determining whether the foreign worker would even meet the statutory requirements for the program. *See generally Defensor*, 201 F.3d at 387-88 (rejecting the view that any foreign worker with a bachelor's degree can "be brought into the United States to perform a non-specialty occupation, so long as the person's employment was arranged through an employment agency which required all clients to have bachelor's degrees").

In sum, there are good reasons for USCIS to require that H-1B petitioners provide evidence substantiating the actual work the beneficiary will perform. Admittedly, parties may disagree whether a particular petitioner provided sufficient evidence to satisfy the various statutory and regulatory requirements for the H-1B program, but there is no basis for this Court to enter an order barring USCIS from requiring evidence to determine that the beneficiary will actually be performing work in a specialty occupation.

    **4.**    **This Court should grant summary judgment in favor of the Government with respect to Plaintiffs' challenge to the 2018 Guidance Memorandum on the grounds that it is an impermissible legislative rule.**

Plaintiffs also challenge the 2018 Guidance Memorandum arguing that it is a legislative rule and that USCIS should have used notice-and-comment rulemaking to promulgate it. *See* 14-

1 at 16.   In response, the Government argued that the 1998 Guidance Memorandum was not a

legislative rule because it interpreted existing regulatory requirements rather than creating new

requirements.  *See* Dkt. 15 at 30.

Specifically, the Government analyzed D.C. Circuit case law setting forth three factors

courts consider in making this determination:  (i) what is the agency's expression of its intention,

(ii) does the rule amend a prior rule, and (iii) does the rule cabin the agency's discretion?  *Id*. at

30-36 *citing, inter alia, Funeral Consumer Alliance, Inc. v. FTC*, 481 F.3d 860, 863-64 (D.C.

Cir. 2007); *Ctr. for Auto Safety v. NHTSA*, 452 F.3d 798, 806 (D.C. Cir. 2006); *Am. Min. Cong.

v. Mine Safety & Health Admin*., 995 F.2d 1106, 1109 (D.C. Cir. 1993); *RCM Tech.,* 614 F.

Supp. 2d at 46.  Applying these three factors to the present case, the Government explained that

although the 2018 Guidance Memorandum provides guidelines for adjudicators and examples of

the types of evidence that petitioners typically provide to show that a beneficiary will be working

in a specialty occupation, it does not impose new requirements on petitioners and is not a

legislative rule.  *See* Dkt. 15 at 33-34.

In their Response and Reply, Plaintiffs do not provide any meaningful response to this

analysis or the authorities cited by the Government.  *See* Dkt. 17 at 14-15.[10]  Nor do Plaintiffs

point to any case law addressing the difference between legislative rules on the one hand and

interpretative rules and general statements of policy on the other hand, that would support their

position with respect to this issue.  *See id*.  In fact, the Response and Reply does not provide any

analysis of the 2018 Guidance Memorandum.

---

[10]  To be precise, Plaintiffs did cite the *Funeral Consumer Alliance* opinion on page 13 of their
Response and Reply.  But they did not provide any meaningful response the Government's
argument as to why this opinion precludes Plaintiffs from succeeding on their challenge to the
2018 Guidance Memorandum.

Instead, Plaintiffs argue that USCIS lacks the authority to issue guidance documents – any guidance documents – to its adjudicators without going through notice-and-comment rulemaking. *See id.* Specifically, Plaintiffs argue that because adjudicators are required to follow agency policy materials, then necessarily adjudicators lack discretion whenever they are provided with policy materials, including guidance documents. *See id.* But this is not the law. *See Ctr. for Auto Safety*, 452 F.3d at 803, 808 (finding that policy memorandum did not rise to the level of a binding norm, notwithstanding that there "is no doubt that the guidelines reflect NHTS's views of the legality of regional recalls"). It is simply not correct that because agency guidelines have practical effects, an agency cannot issue any guidelines without using notice-and-comment rulemaking. *See id.* at 811. To be sure, adjudicators do not have the unfettered discretion to adjudicate petitions without regard for the agency's policies and guidelines.[11] But it does not follow that all guidance material constitutes legislative rules.

In sum, the 2018 Guidance Memorandum is not a legislative rule under D.C. Circuit case law for the reasons set forth in the Government's Opposition.

In their Response and Reply, Plaintiffs, for the first time, indicate that they also wish to challenge the 2010 Employer-Employee Memorandum. Dkt. 17 at 5. Although they referenced this memorandum in their motion for summary judgment, they never indicated that they were requesting the Court invalidate it on the grounds that it is purportedly a legislative rule and because it purportedly conflicts with the agency's employer-employee requirement (which Plaintiffs were challenging in their motion for summary judgment).

---

[11] An agency could not properly function if each individual adjudicator could act without regard for what the agency's position is. This kind of unfettered discretion would raise significant concerns as to whether decisions were arbitrary and capricious.

This Court should not let the Plaintiffs raise this new claim at this late date.   Moreover, any challenge to the 2010 Employer-Employee Memorandum is necessarily barred by the six-year statute of limitations and Plaintiffs have failed to identify any exception to this limitation that might arguably apply to this claim.

To the extent this Court disagrees, the Government requests an opportunity to provide supplemental briefing on the validity of the 2010 Employer-Employee Memorandum.   If the Court elects not to provide the Government with this opportunity, the Government respectfully requests that this Court consider the *Broadgate* opinion, which analyzes in detail this memorandum and explains why it is not a legislative rule.   *See Broadgate*, 730 F. Supp. 2d at 242, 245 (stating that the 2010 Employer-Employee Memorandum makes clear that the scenarios addressed in the memorandum are "meant to be illustrative examples" and leave USCIS adjudicators with considerable discretion applying the factors listed).

In a footnote, Plaintiffs contend that *Broadgate* is not persuasive for two reasons.   First, they contend that it was litigated "immediately" after the 2010 Employer-Employee Memorandum was released and that it was not apparent that the memorandum was binding on adjudicators.  Dkt. 17 at 14 n.3.   But the question of whether a memorandum is an interpretative rule or a legislative rule is a question of law.   *See Ctr. for Auto Safety*, 452 F.3d at 424 (dismissing challenge as a matter of law).   When the matter is litigated is simply irrelevant. Second, Plaintiffs contend that the ruling in *Broadgate* was limited to stating that the memorandum did not constitute "final agency action" as opposed to whether the memorandum was a legislative rule.  Dkt. 17 at 14 n.3.   But as the D.C. Circuit has made clear, these two inquiries are "alternative ways of viewing" the same question.   *Ctr. for Auto Safety*, 452 F.3d at 806; *see also Broadgate*, 730 F. Supp. 2d at 244 ("[I]f the Memorandum is an interpretative rule

24

or general policy statement . . . it is not final agency action subject to judicial review under the

APA . . ."). In contrast, if the 2010 Employer-Employee Memorandum were deemed a

legislative rule, "then it is final agency action under the APA subject to judicial review . . ."

*Broadgate*, 730 F. Supp. 2d at 244.[12]

Lastly, the Government notes that Plaintiffs' argument that the 2010 Employer-Employee

Memorandum should be invalidated on the grounds that this memorandum is contrary to the

employer-employee regulatory requirement because it requires "actual control," dkt. 17 at 11, is

contradicted by the plain language in the 2010 Employer-Employee Memorandum, which states

that a petitioner must establish the "**right to control**" and that "the *right to control* the

beneficiary is different from *actual control*." *See* 2010 Employer-Employee Memorandum at 3

& 3 n.6 (emphasis original).

## CONCLUSION

WHEREFORE, this Court should dismiss as time barred Plaintiffs' challenges to the

1991 Rule and enter summary judgment in favor of the Government as to Plaintiffs' remaining

claims.

---

[12] Plaintiffs also contend that this Court should enter judgment as a matter of law on its claim that USCIS failed to explain its decision with respect to all partial grants of H-1B petitions because, purportedly, the Government never addressed this contention in its Opposition. Dkt. 17 at 20 n.5. The Government addressed this contention on pages 2-3 and, in more detail, on pages 42-44 of their Opposition. Specifically, the Government demonstrated that the opinion Plaintiffs rely upon, *Torus Records*, does not support their position. *See* Dkt. 15 at 43-44 *discussing Torus Records, Inc. v. Drug Enf'l. Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001). The Government has nothing further to add other than to reiterate that Plaintiffs should not be allowed to change course after the threshold legal issues have been consolidated for briefing and now claim that USCIS must provide a written explanation for these partial grants. Remanding these partial grants back to USCIS at this time would serve no purpose other than to delay the resolution of the threshold legal issues.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: *s/ Aaron S. Goldsmith*
Aaron S. Goldsmith
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4107
Email: aaron.goldsmith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the CM/ECF system will be sent

electronically to the registered participants.  There are no unregistered participants.

*s/ Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel