# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ITSERVE ALLIANCE, INC.,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **No. 1:18-cv-02350-RMC** |
| | ) **(Lead case for consolidated briefing)** |
| **UNITED STATES CITIZENSHIP** | ) |
| **AND IMMIGRATION SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

### RESPONSE TO PLAINTIFFS' NOTICE

The Government files this response to Plaintiffs' Notice, ECF No. 22:

1.      To the extent that Plaintiffs are arguing that the 2018 Guidance Memorandum is a legislative rule because it represents a "substantive" change in policy, *see* ECF No. 22 at 2-3, they are incorrect.  This is because, as the Government previously noted, the D.C. Circuit has long rejected the substantial impact test to determine whether a document constitutes a legislative rule.  *See Cent. Texas Tel. Co-op., Inc. v. F.C.C.*, 402 F.3d 205, 214 (D.C. Cir. 2002) ("[T]he mere fact that an interpretative rule may have a substantial impact does not transform it into a legislative rule") (citations and quotations omitted); *Cabais v. Egger*, 690 F.2d 234, 237 (D.C. Cir. 1982) (reversing and explaining that "[s]imply because agency action has substantial impact does not mean it is subject to notice and comment if it is otherwise expressly exempt under the APA").  Further, because the question of whether the 2018 Guidance Memorandum is a legislative rule is a legal question "turning . . . primarily upon the text of the Document," *Gen. Elec. Co. v. E.P.A.*, 290 F.3d 377, 380 (D.C. Cir. 2002), discovery is not needed for the Court to resolve the issue.  *See, e.g.*, *Sierra Club v. Mainella*, No. CIV.A. 04-2012 JDB, 2005 WL

3276264, at *9 (D.D.C. Sept. 1, 2005) (explaining the "regulations and documents speak for themselves . . . no discovery is appropriate").

      2.     Plaintiffs take issue with testimony by Donald Neufeld, Associate Director for Service Center Operations, U.S. Citizenship and Immigration Services ("USCIS") before the House of Representatives' Judiciary Committee's Immigration and Citizenship Subcommittee. Dkt. 22 at 2-4. When asked about the number of Requests for Evidence ("RFEs") issued by USCIS on H-1B petitions, Mr. Neufeld made the unremarkable observation that "usually" when there is a change in how a program's requirements are understood by the agency's adjudicators, there is  an increase in the issuance of RFEs. ECF No. 22 at 2. Specifically, Mr. Neufeld stated:

> [T]here are a number of changes made affecting the H-1B processing over the last couple of years. When there's a change that's introduced, we train our folks but we also have to educate the public on what the requirements are as we now understand them. So, whenever that happens, regardless of what context, usually it's pretty predictable that we'll have an increase in Requests for Evidence, perhaps an increase in denials. Usually over time, as the public become familiar with what the requirements are and as our adjudicators become more proficient, then usually we'll see the request, the impact of those changes, to become more stable.

*See* Hearing on Policy Changes and Processing Delays at U.S. Citizenship Immigration Services, Imm. and Citizenship Subcommittee (116th Cong. July 16, 2019) https://judiciary.house.gov/legislation/hearings/policy-changes-and-processing-delays-us-citizenship-and-immigration-services, and the statement occurs at approximately 1:47:20 (last visited August 5, 2019) (hereafter "July Congressional Testimony").[1]

      Plaintiffs imply that this testimony is inconsistent with Mr. Neufeld's declaration filed with this Court, because, according to Plaintiffs, Mr. Neufeld did not explain in his declaration

---

[1] While the official transcript of the congressional hearing is not yet available, an audio and video recording of the hearing is available online per the citation in the text.

that increases in processing times are attributable, in part, to new policy memoranda.  *See* ECF No. 22 at 2-3. Plaintiffs are mistaken.  In his declaration, Mr. Neufeld declares that numerous factors affect processing times, including complying with new policy memoranda and regulations:

> I believe, based on my experience as the Associate Director for the USCIS Service Center Operations Directorate since 2010, that there are numerous factors that affect processing times, and reducing processing times is a constant challenge and goal for USCIS operational components. Processing times for H-1B petitions have increased for many reasons, including staffing allocations (e.g. balancing the expanding H-1B caseload with other classification and form types), availability of officers who have been trained to work H-1B petitions, volume of premium processing requests received, ensuring that the quality of review is balanced with other performance metrics, analyzing the petitions for fraud indicators, and *complying with new policy memoranda* and regulations.

*See* ECF No. 20-1 at ¶ 21 (emphasis added).

The Neufeld Declaration did not specifically address the 2018 Guidance Memorandum because it was responsive to the Court's questions regarding the pace at which USCIS adjudicates H-1B petitions.  Plaintiffs are conflating the 2018 Guidance Memorandum with other changes.[2]  To be clear, it is the 2018 Guidance Memorandum and the 1991 regulations that are at issue in this consolidated briefing.

In addition, Plaintiffs insinuate that Mr. Neufeld admitted in his testimony that the 2018 Guidance Memorandum is a legislative rule.  *See* ECF No. 22 at 2-3.  However, Mr. Neufeld never made any such admission in his testimony and plaintiffs have no basis for implying otherwise.

---

[2] USCIS notes that recent changes include a final rule effective January 17, 2017, Retention of EB-1, EB-2, and EB-3 Immigrant Workers and Program Improvements Affecting High-Skilled Nonimmigrant Workers, 81 FR 82398 (Nov. 18, 2016); and policy memoranda, "Rescission of Guidance Regarding Deference to Prior Determinations of Eligibility in the Adjudication of Petitions for Extension of Nonimmigrant Status," PM-602-0151, October 23, 2017 and "Issuance of Certain RFEs and NOIDs," PM-602-0163, July 13, 2018.

In Mr. Neufeld's testimony, he merely stated that we have to "educate the public on what the requirements are *as we now understand them*."  *See* July Congressional Testimony.  This statement is not an admission that new legislative rules have been created.   Rather, on its face, it refers to the agency's understanding of its requirements.  Thus, this statement is consistent with the Government's position that the 2018 Guidance Memorandum is, in fact, an interpretative guidance on the agency's understand of long-established H-1B program adjudications policy.

3.      Plaintiffs discuss the recent Supreme Court case of *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), focusing on issues related to *Auer* deference.  *See* ECF No. 22 at 1.  The issue of *Auer* deference, however, is not implicated in the threshold issues identified by Judge Huvelle for which the parties provided consolidated briefing.  Thus, at this stage in the litigation *Kisor* is inapplicable to this matter.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: *s/ Aaron S. Goldsmith*
Aaron S. Goldsmith
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4107
Email: aaron.goldsmith@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the CM/ECF system will be sent

electronically to the registered participants.  There are no unregistered participants.

*s/ Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel